IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-16-BO
No. 5:16-CV-119-BO

| | | |
|---|---|---|
| LARRY D. LEE, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the § 2255 motion, petitioner has responded, and the matters are ripe for review. For the reasons that follow, petitioner's § 2255 motion is dismissed.

## BACKGROUND

Petitioner is currently serving a 108 month sentence after pleading guilty to distribution of a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1). [DE 40]. Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on March 21, 2016. [DE 45]. In his § 2255 motion[1] petitioner argues that his classification as a career offender under the United States Sentencing Guidelines is improper due to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). This action was stayed on the government's motion awaiting a decision in *In re Hubbard*, No. 15-276. *See* 825 F.3d 225 (4th Cir. June 9, 2016). Counsel for petitioner then filed a response in

---

[1] Although counsel appeared on petitioner's behalf on February 25, 2016, petitioner filed his § 2255 motion *pro se*. Counsel was permitted to withdraw as counsel of record following the decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). Petitioner indicated that he intended to proceed with his § 2255 motion *pro se*. [DE 59, 60, 61].

opposition to the government's motion to dismiss. [DE 57]. The stay in this matter was subsequently lifted, counsel for petitioner was permitted to withdraw, and petitioner was permitted to file a supplemental brief in support of his § 2255 motion. [DE 63].

## DISCUSSION

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), provides for enhanced punishments for those offenders who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is defined by the statute as any crime punishable by more than one year imprisonment that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of ACCA's violent felony definition, which defines a violent felony to include one which "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. 2557. The Court held that the residual clause is unconstitutionally vague and that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

However, and in contrast to the ACCA, the Supreme Court has held that the United States Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) ("Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge."). Moreover, the Fourth Circuit Court of Appeals has recognized that a challenge to the application of the sentencing guidelines is generally not cognizable in a § 2255 proceeding. *United States v. Foote*, 784 F.3d

2

931, 931 (4th Cir. 2015), *cert. denied* 135 S.Ct. 2850 (2015) ("[B]y its terms, § 2255 does not allow for a court's consideration and correction of every alleged sentencing error."). A petitioner seeking relief under § 2255 must make one of four types of arguments:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. If the alleged sentencing error is neither constitutional nor jurisdictional, the district court lacks authority to review it unless it is "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333 (1974).

Petitioner's challenge to the Sentencing Guidelines as being unconstitutionally void is without merit. *Beckles*, 137 S. Ct. 886. Additionally, petitioner does not allege, nor is there any indication in the record, of such a miscarriage of justice that would warrant collateral review of his sentence. Instead, it is axiomatic that "errors of guideline interpretation or application ordinarily fall short of a miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999).

The government has also raised a limitations defense, arguing that petitioner's § 2255 motion was filed outside of the time for filing provided in 28 U.S.C. § 2255(f). A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4). Because he did not file a direct appeal, petitioner's conviction became final on the date of entry of his judgment of conviction or, at the latest, when the time for noticing a direct

3

appeal expired fourteen days from the date of entry of judgment. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *United States v. Brown*, 596 F. App'x 209, 211 (4th Cir. 2015) (unpublished) (applying *Sanders*); *see also United States v. Diallo*, 581 F. App'x 226, 227 (4th Cir. 2014) (unpublished) (holding that limitations period begins when the time for filing direct appeal has expired) (citing *Clay v. United States*, 537 U.S. 522, 525 (2003)); *Hannigan v. United States*, 131 F. Supp. 3d 480, 484 n.1 (E.D.N.C. 2015) (recognizing that the Fourth Circuit has not overruled *Sanders* and discussing application of *Clay*). Judgement was entered in this matter on November 18, 2014, and petitioner did not file his § 2255 motion until March 21, 2016, well outside the one year period provided in § 2255(f)(1).

Although petitioner relied on *Johnson* which was held to be retroactively applicable to cases on collateral review, and would thus provide a basis for a new limitations period under § 2255(f)(3), his claim under *Johnson* is foreclosed by *Beckles*. Moreover, in his supplemental response, petitioner relies on the holdings of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and Fifth Circuit cases applying *Mathis* to argue that his career offender enhancement is no longer valid. However, the cases relied on by petitioner involved direct appeals and not proceedings under § 2255, and courts have held that *Mathis* did not announce a new rule of constitutional law that has been determined to be retroactive on collateral review. *See Stewart v. United States*, No. CR ELH-13-262, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (listing cases); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016). Thus, *Mathis* does not provide a basis for relief for petitioner or a basis on which to hold his § 2255 motion was timely filed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A

certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 50] is GRANTED and petitioner's § 2255 motion to vacate [DE 45] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 10 day of April, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5